`

Laurence D. King (SBN 206423)
lking@kaplanfox.com
Matthew B. George (SBN 239322)
mgeorge@kaplanfox.com
Mario M. Choi (SBN 243409)
mchoi@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Nicole GALLMANN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 5:17-cv-7285<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

`

Plaintiff Nicole Gallmann ("Plaintiff") on behalf of herself and all other similarly situated, brings this action against Apple Inc. ("Apple") based upon personal knowledge of the facts pertaining to herself, and upon information and belief as to all other matters, hereby alleges as follows:

**NATURE OF THE CASE**

1. This is a consumer protection action seeking injunctive relief and damages arising from Defendant's unlawful failure to inform consumers that updating their iPhone 6, 6S, SE or 7 (the "Legacy Devices") to iOS 10.2.1 (and/or later to iOS 11.2) would dramatically and artificially reduce the performance of the Legacy Devices. Apple also failed to inform consumers that phone performance would be restored – by as much as 70 percent – if affected individuals simply replaced the phone's lithium-ion battery. Replacing the battery at an Apple store costs less than $100. The cost of the new iPhone X is over $1,000.

2. In the modern digital age, batteries "wear" over time. The lithium-ion battery used by Apple slowly diminishes its ability to hold a charge with time and use. However, normal lithium-ion battery wear does not reduce performance; a weakening battery has no effect on performance *unless* there is software that links the two. And that is precisely what Apple did.

3. In rolling out iOS 10.2.1, Apple claimed to "bug fixes and improve[ ] the security of [the] iPhone or iPad" and "improve[ ] power management during peak workloads to avoid unexpected shutdowns on the iPhone."[1] What Apple purposefully failed to disclose, however, was that the update would act as a latent time-bomb that slowly eroded the phone's performance to the frustration of the user – the software update throttled the handset's performance.

4. The effect of Apple's actions was to a) purposefully reduce device performance with time, and b) deprive consumers of material information concerning the cause of the decline in performance of the Legacy Devices.

5. Plaintiff and the Class she seeks to represent in this lawsuit are consumers who purchased the Legacy Devices and installed the relevant upgraded operating system software. This lawsuit is

[1] Download iOS 10.0 – iOS 10.3.3 Information, Apple Inc., https://support.apple.com/kb/DL1893?locale=en_US.

`

brought to challenge Apple's unfair business practices under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Plaintiff also brings a claim for breach of the implied covenant of good faith and fair dealing under California law. Plaintiff requests that the Court find Apple's business practices constitute unfair competition and enjoin Apple from engaging in similar conduct in the future. Plaintiff further requests that the Court order Defendant to: pay civil penalties pursuant to Cal. Bus. & Prof. Code § 17206; provide restitution to the Class of all money that may have been acquired by means of their unfair practice; and pay attorney's fees and costs of litigation.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

7. This Court has personal jurisdiction over Defendant Apple, Inc. because Apple is incorporated under the laws of the State of California and is headquartered in Cupertino, California.

8. Venue is proper in this district under 28 U.S.C. § 1391 because Apple resides in this district and because the actions and unfair practices described in this complaint were conducted in and orchestrated from this district by Apple.

**INTRADISTRICT ASSIGNMENT**

9. Assignment is proper to the San Jose division of this District under Local Rule 3-2(c)-(e), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Santa Clara County, where Apple is headquartered.

**PARTIES**

10. Plaintiff Nicole Gallmann is a resident of San Francisco County, California, and purchased an iPhone 6. She upgraded to iOS 10.2.1 and has since suffered material and increasing degradation in the performance of the iPhone.

11. Defendant Apple Inc. is a California corporation headquartered at 1 Infinite Loop, Cupertino, California. Apple designs, manufacturers, and sells throughout the world a wide range of products, including mobile devices such as iPhone.

`

**FACTUAL ALLEGATIONS**

12. Plaintiff and Class Members are Apple iPhone users. Many Class Members are not new to the iPhone franchise, but are loyal followers of Apple, having purchased various iterations of the mobile device.

13. On January 23, 2017, Apple released iOS 10.2.1. The update specifically addressed aging batteries, and expressly represented that the purpose was to prolong the useful life of the Device. Apple promised to "deliver the best experience for customers, which includes overall performance and prolonging the life of their devices."[2]

14. For example, the update specifically sought to prevent the handset from shutting down if a performance spike drew too much power—i.e., turning off unexpectedly as if the phone was dead while the phone's battery still had a charge. While the battery issue was a reported problem at the time,[3] the iOS update did far more than address shutdowns on those few phones that experienced shutdowns – it also surreptitiously and purposefully throttled the performance speed on the iPhone 6, 6S, and SE's by as much as 70 percent.

15. Furthermore, the update did not even fully address the purported battery "shutdown" issue on all devices: 20 percent of iPhone 6s and 30 percent of iPhone 6 devices that previously experienced unexpected shut down issues continued to experience those issues, according to a statement released by Apple.[4] At the time the iPhone 7 was not impacted. However, it is now known that the feature at the center of the iOS 10.2.1 update was later extended to iPhone 7 with the release of iOS 11.2, and will be added to other products in the future.

---

[2] Jason Koebler, *Apple Throttles iPhones that Have Old Batteries (But Didn't' Tell You About It)*, Motherboard (Dec. 20, 2017) https://motherboard.vice.com/en_us/article/3k5bdw/apple-throttles-iphones-bad-batteries?utm_source=vicefbus (last visited Dec. 22, 2017).

[3] A Message from Apple about iPhone and Unexpected Shutdowns, Apple, Inc. https://support.apple.com/zh-cn/HT207414.

[4] Matthew Panzarino, *Apple says IOS 10.2.1 has reduced unexpected iPhone 6s shutdown issues by 80%*, Techcrunch (Feb. 23, 2017) https://techcrunch.com/2017/02/23/apple-says-ios-10-2-1-has-reduced-unexpected-iphone-6s-shutdown-issues-by-80/ (last visited Dec. 22, 2017).

`

16. Apple also informed consumers that for those who need it, a message will appear on the screen inside Settings if that phone's "battery needs service." Apple did this to "add a bit more transparency to people wondering when Apple considers the battery worn down enough to get swapped out." Apple even offered consumers tips regarding when to swap out a battery.[5]

17. However, despite all of these disclosure opportunities, Apple never informed consumers that the 10.2.1 update reduced unexpected phone shutdowns by slowing the device's performance dramatically.

18. Moreover, consumers experiencing these issues were never notified by Apple (as it represented it would) that "the [device's] battery needs service."

19. Because Apple failed to informed consumers that the performance issues were artificially caused by the iOS update in conjunction with an older (but still perfectly functional) battery, consumers were denied the opportunity to make an informed decision regarding whether to upgrade their device or instead simply replace the battery.

20. Apple's failure to disclose the impact of the iOS update 10.2.1 (and the later iOS 11.1) and remedy the issues it produced (and purported to resolve) constitutes an unfair trade practice and breach of the covenant of good faith and fair dealing implied in Apple's contracts with Plaintiff and the class. Plaintiff and the class were harmed as a direct and proximate result of Apple's actions.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of herself and others similarly situated, as members of a class she preliminarily proposes be defined as follows:

> All consumers who (a) reside in the United States, (b) owned Apple iPhone 6, 6S, SE or 7 models and upgraded to iOS 10.2.1 or a later version prior to the date of this Complaint, and (c) who purchased that iPhone within the United States.

Excluded from the proposed class are Defendant; any entity in which Defendant has or had a controlling interest; any of Defendant's officers, directors, legal representatives, heirs, successors, and

---

[5] Maximizing Battery Life and Lifespan, Apple Inc., https://www.apple.com/batteries/maximizing-performance/.

`

assigns; Plaintiff's counsel and anyone employed by Plaintiff's counsel; any Judge assigned to this action and his or her immediate family; and anyone who timely requests exclusion from the class.

22. This action may be maintained on behalf of the class proposed above under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

23. **Numerosity.** The class as presently proposed consists of owners of various iPhones described above. Upon information and belief, the number of proposed Class Member exceeds 1 million, and individual joinder of the purchasers of these computers would be impractical.

24. **Commonality and Predominance.** Common questions of law and fact exist as to members of the class and predominate over questions affecting only individual class members. These common questions include:

a. Whether iOS 10.2.1 in fact affected device performance;

b. Whether Apple purposefully designed iOS 10.2.1 to affect device performance or otherwise did so knowingly;

c. The extent to which iOS 10.2.1 affected device performance;

d. Whether and to what extend Apple disclosed the effect of iOS 10.2.1 on device performance;

e. Whether the aspects of iOS 10.2.1 affecting device performance were extended to iOS 11.2; and

f. Whether Apple notified customers that the artificial reduction in device performance could be remedied by simply replacing the battery.

25. **Typicality.** Plaintiff is a member of the proposed class and her claim is typical of the claims of the other members of the class. Plaintiff and class members all purchased Apple Legacy Devices and all upgraded to iOS 10.2.1 or a later version during 2017.

26. **Adequacy.** Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

`

27. **Superiority.** The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class members. The relief sought per individual member of the Class is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the conduct of Defendant. Furthermore, it would be virtually impossible for the Class members to seek redress on an individual basis. Even if the Class members themselves could afford such individual litigation, the court system could not. Individual litigation of the legal and factual issues raised by the conduct of Defendant would increase delay and expense to all parties and to the court system. The Class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale and comprehensive supervision by a single court. Given the similar nature of the Class members' claims and the absence of material differences in the state statutes and common laws upon which the Class members' claims are based, a nationwide Class will be easily managed by the Court and the parties.

## FIRST CAUSE OF ACTION

**(For Violation of California's Unfair Competition Law)**

28. Plaintiff incorporates by reference the foregoing paragraphs.

29. Defendant's acts and practices, as alleged in this complaint, constitute unfair, unlawful and fraudulent business practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

30. Defendant has engaged and continues to engage in an unfair business practice by including code in iOS 10 (and now iOS 11) designed in part to materially diminish performance speed of Apple Legacy Devices, and by purposefully failing to disclose that performance could be restored by simply changing the battery.

31. Defendant's business practices are unscrupulous, unethical, and substantially injurious to consumers. There is no legitimate business reason for Apple's business practice such that the utility of its business practice outweighs the harm to consumers. Furthermore, Apple's business practice undermines this State's fundamental policy against unfair and sharp business practices that are likely to deceive or mislead consumers, and which undercut trust and fair competition in the consumer marketplace.

`

32. Plaintiff also has standing to challenge Defendants' unfair, unlawful and fraudulent business practices on behalf of the public pursuant to California Business and Professions Code § 17204, since she has suffered injury in fact and lost money or property as a result of such practices, in the form of reduced value of the Legacy Device. Plaintiff purchased an iPhone 6 and upgraded to iOS 10.2.1, causing her device performance to be artificially throttled. Apple did not inform her that its software was the cause, and did not inform her that a simple change of battery could restore performance. Plaintiff has also suffered reduced productivity as a result of Apple's practices.

33. On behalf of the proposed class, Plaintiff hereby seeks money damages and restitution in an amount to be determined at trial.

34. On behalf of the proposed class, Plaintiff also hereby seeks entry of appropriate equitable relief pursuant to California Business & Professions Code § 17203, including an injunction prohibiting Defendant from engaging in the same or similar unfair business practices in the future, civil penalties, restitution of money that may have been acquired by Defendants' unfair business practices, and attorney's fees and costs of litigation. The entry of injunctive relief is of particular importance, and necessary to secure a fair consumer marketplace.

## SECOND CAUSE OF ACTION

**(For Trespass to Chattels)**

35. Plaintiff incorporates the above allegations by reference as if set forth fully herein.

36. California common law prohibits the intentional intermeddling with personal property in the possession of another, without consent, that results in either a) the deprivation of the use of the personal property or b) the impairment of the condition, quality, or usefulness of the property.

37. Defendant impaired the condition, quality and usefulness of the Plaintiff's and Class Members' Legacy Devices, or parts of them without their knowledge or consent. Such acts constituted an intentional interference with the use and enjoyment of the devices.

38. Defendant acted intentionally, because it knew that Plaintiff and Class Members were downloading computer software to their Legacy Devices that reduced the performance of the devices. Plaintiff and the other Class Members only consented to the installation of software that would improve performance, not diminish performance.

`

39. Defendant engaged in deception to gain access to the Legacy Devices and install the new computer software.

40. Plaintiff and other Class Members thus suffered actual damages as a result of Defendant's actions in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**(For Breach of Covenant of Good Faith and Fair Dealing)**

41. Plaintiff incorporates by reference the foregoing paragraphs

42. In every contract or agreement there is an implied promise of good faith and fair dealing under California law.

43. In dealings between Apple and its customers, Apple has power affecting the rights of its users.

44. Apple entered into a contract with Plaintiff and the Class at the time of purchase of each Legacy Device, and at the time of download of iOS 10.2.1 and later iOS versions.

45. Apple contractually promised in the iOS 10.2.1 update and later updates to "deliver the best experience for customers, which includes overall performance and prolonging the life of their devices."

46. Plaintiff did all, or substantially all, of the things that the contracts required her to do.

47. Despite its contractual promises to prolong the life of the devices, Apple instead purposefully took actions to reduce the life of the devices, and purposefully failed to notify customers that replacing the battery would restore performance that had been artificially throttled by iOS 10.2.1 and later updates to iOS.

48. Apple's actions were objectively unreasonable given Apple's promises.

49. Apple's conduct evaded the spirit of the bargain made between Apple and the Plaintiff.

50. As a result of Apple's misconduct and breach of its duty of good faith and fair dealing, Plaintiff and the Class suffered damages. Plaintiff and the Class members did not receive the benefit of the bargain for which they contracted and for which they paid valuable consideration.

`

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment and orders in their favor and against Apple as follows:

A. An order certifying the proposed class, or an alternative class that the Court may find appropriate under Rule 23 of the Federal Rules of Civil Procedure, directing that Plaintiff's claims proceed on a class-wide basis, and appointing Plaintiff and her counsel to represent the class;

B. An order and/or judgment enjoining Defendant from writing programs to throttle device performance;

C. An order and/or judgment requiring Defendant to transparently notify customers when device performance can be restored by the installation of a new battery;

D. An order and/or judgment requiring Defendants to make restitution to Plaintiff of money that may have been acquired by means of their unfair practices;

E. An order granting reasonable attorneys' fees and costs, as well as pre- and post-judgment interest at the maximum legal rate; and

F. Such other and further relief as this Court may deem appropriate.

DATED: December 22, 2017

Respectfully submitted,

KAPLAN FOX & KILSHEIMER LLP

By: /s/ *Laurence D. King*
Laurence D. King

Laurence D. King (SBN 206423)
lking@kaplanfox.com
Matthew B. George (SBN 239322)
mgeorge@kaplanfox.com
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*
*mgeorge@kaplanfox.com*
*mchoi@kaplanfox.com*

`

KAPLAN FOX & KILSHEIMER LLP
Frederic S. Fox (*pro hac vice* to be sought)
Donald R. Hall (*pro hac vice* to be sought)
David A. Straite (*pro hac vice* to be sought)
Aaron Schwartz (*pro hac vice* to be sought)
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*
*dstraite@kaplanfox.com*
*aschwartz@kaplanfox.com*